UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-60324-BLOOM/Valle

GREGORY ABAJIAN,

    Plaintiff,

v.

HMSHOST CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike, ECF No. [15] ("Motion"). Defendant filed a Response, ECF No. [19] ("Response"), to which Plaintiff did not file a Reply. The Court has considered the Motion, the Response, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.   BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Seventeenth Judicial Circuit in and for Broward County, Florida that was removed to this Court on February 13, 2020. ECF No. [1]. According to the Complaint, ECF No. [1-2], Plaintiff was subject to race and disability discrimination and was terminated by his former employer, Defendant, in retaliation for complaining of the discrimination he endured. *Id.* at ¶¶ 8, 18-24. He alleges that despite complaining of a hostile work environment, no remedial action was taken. *See id.* at ¶¶ 20-21, 23. The Complaint asserts four counts under the Florida Civil Rights Act: race discrimination (Count I), discrimination based upon a hostile work environment (Count II), retaliation (Count III), and

disability discrimination (Count IV). Plaintiff seeks an injunction, back pay, including lost wages and lost benefits; pecuniary and non-pecuniary damages for pain, suffering, and mental anguish; punitive damages, and recovery of costs and attorneys' fees. *See id.* at 8, 10, 12-13, and 15.

On March 13, 2020, Defendant filed its Answer and Affirmative Defenses, ECF No. [13]. Defendant asserted twelve affirmative defenses and reserved its right to supplement its Answer and Affirmative Defenses "in the event that discovery or other means indicate that additional affirmative defenses would be appropriate." *See id.* Plaintiff now moves to strike eleven affirmative defenses: the first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth affirmative defenses. *See* ECF No. [15]. According to Plaintiff, these affirmative defenses "inject irrelevant and/or immaterial issues, assert defenses that are insufficient as a matter of law, and/or would prejudice Plaintiff by interjecting and threatening an undue broadening of the issues." *Id.* at 1. He adds that "[g]enerally speaking," the affirmative defenses at issue "assert bare conclusions, fail to allege any facts upon which the defenses are based, and thus fail[] to comply with the applicable pleading standards contained in Rule 8 of the Federal Rules of Civil Procedure." *Id.* at 2. Moreover, Plaintiff concludes that the affirmative defenses are "legally insufficient, irrelevant, and/or immaterial to the ultimate question of violation of Title VII and the Florida Civil Rights Act or would lead to unnecessary and burdensome discovery," and thus, should be stricken. *Id.* at 4.[1]

---

[1] The Complaint does not assert claims under Title VII, but rather only under the Florida Civil Rights Act. *See* ECF No. [1-2]. However, because the "FCRA essentially mirrors Title VII, Florida courts look to federal case law construing Title VII." *McCabe v. Excel Hospitality, Inc.*, 294 F. Supp. 2d 1311, 1313 n.1. (M.D. Fla. 2003). Additionally, disability discrimination actions under the FCRA "are analyzed under the same framework as the ADA." *Chandra v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000) (citing *Fromm-Vane v. Lawnwood Med. Ctr., Inc.*, 995 F. Supp. 1471, 1475 n.4 (S.D. Fla. 1997)).

Defendant, in response, argues that the Motion is procedurally improper because Plaintiff did not comply with the pre-filing conference requirements under Local Rule 7.1(a)(3). ECF No. [19] at 1 n.1.[2] It additionally argues that the "affirmative defenses at issue provide the basic notice required by law, and relate directly to Plaintiff's claims of race and disability discrimination and retaliation." *Id.* According to Defendant, the affirmative defenses "are directly relevant to either the issue of liability under the *McDonnell-Douglas* burden shifting paradigm or the issue of potential damages (to the extent liability is established – which Defendant adamantly denies)." *Id.* at 4. Defendant concedes that "much of the factual basis related to the Defenses at Issue will be developed more thoroughly through discovery," but at this juncture in the case, it has put "Plaintiff on fair notice of the defenses it seeks to assert or pursue[.]" *Id.* Defendant requests, alternatively, that it be given leave to amend any affirmative defenses that are stricken. *Id.* at 2.

The Motion, accordingly, is ripe for consideration.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy

---

[2] Defendant is correct that the Motion does not reflect that Plaintiff conducted a pre-filing conference as is required by Local Rule 7.1(a)(3). The Court is authorized to deny the Motion on this basis, but it is not required to do so. Because Defendant addresses the Motion's arguments on their merits, the Court chooses to exercise its discretion and not deny the Motion due to Plaintiff's failure to comply with the Local Rules. Going forward, the parties shall strictly comply with the Local Rules—as is expected in all cases. The failure to do so will not be well-regarded by the Court and, if appropriate, may be deemed sufficient cause to grant or deny a motion.

and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.,* 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Even so, "an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009). *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See*, *e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503, at *1.

The difference in language between Rule 8(a) and Rule 8(b) is subtle, but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162, at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing' "); *Ramnarine*, 2013 WL 1788503, at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or

5

she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41, 111 S. Ct. 922, 112 L.Ed.2d 1140 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, at *8, 2011 U.S. Dist. LEXIS 65190 (N.D. Ga. June 13, 2011).

### III.     DISCUSSION

#### A.     First affirmative defense

Defendant's First Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted." ECF No. [13] at 9. Defendant admits in its Response that the First Affirmative Defense "should be treated as a specific denial of the Plaintiff's claim, and not stricken." ECF No. [19] at 7. The Court agrees, and it will treat the First Affirmative Defense as a specific denial rather than strike it. *See Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CV-60885, 2015 WL 11197802, at *1 (S.D. Fla. Apr. 27, 2015) (collecting cases for the proposition that specific denials labeled as affirmative defenses are to be

treated as denials rather than stricken); *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 319 (S.D. Fla. 2018) (same); *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3 (denying motion to strike affirmative defenses because "[w]hile [the] Court agrees that the defenses are merely denials, the appropriate remedy is not to strike Affirmative Defenses 5, 9, and 14, but rather to treat them as specific denials"). The Motion, accordingly, is denied on this point.

### B.    Second affirmative defense

Defendant's Second Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches." ECF No. [13] at 9. Plaintiff asserts that this defense fails to plead what right Plaintiff waived and that the defense is "without any legal or factual basis" and is thus insufficient as a matter of law. ECF No. [15] at 5. Upon review and consideration, the Court does not find Plaintiff's argument to be warranted.

Relief provided under the FCRA is "equitable in nature," and courts have denied motions to strike that asserted similarly phrased affirmative defenses in FCRA disability discrimination actions. *See T.G. v. Sears, Roebuck & Co.*, No. 06-61228-CIV, 2006 WL 8432512, at *4 (S.D. Fla. Nov. 20, 2006) (denying motion to strike affirmative defenses of unclean hands and estoppel). *See also Equal Employment Opportunity Comm'n v. Darden Restaurants, Inc.*, No. 15-20561-CIV, 2016 WL 9488709, at *4 (S.D. Fla. June 1, 2016) (denying motion to strike affirmative defense of "waiver, laches, unclean hands" because the equitable defenses have the effect of challenging the ability of plaintiffs to "recover damages based on their personal conduct"). Moreover, this Court has denied motions to strike where similar affirmative defenses were raised. *See, e.g.*, *Jones v. Kohl's Dep't Stores, Inc.*, No. 15-CIV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) (denying motion to strike "Defendant's single sentence defense" of laches, unclean hands, and

waiver because these are "sufficient—boilerplate but well-recognized [] valid defenses," and noting that "[t]o the extent Plaintiff requires greater factual detail for these defenses, Plaintiff[]s may acquire those facts through discovery"); *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216747, at *3 (S.D. Fla. Jan. 27, 2015) (denying motion to strike "boilerplate but well-recognized" defenses that "lack factual particularity") (citing *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, 2013 WL 4496510, at *4-5 (S.D. Fla. Aug. 22, 2013) (as to defense of unclean hands, waiver, laches, and estoppel)). The Motion, therefore, is denied as to this defense.

### C.     Fourth affirmative defense

Defendant's Fourth Affirmative Defense states that "Plaintiff is not entitled to recover compensatory damages, and any allegations with respect thereto should be stricken, because HMSHost did not intentionally engage in any unlawful employment practices. Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory business reasons, in good faith, and for reasons wholly unrelated to the allegations contained in the Complaint." ECF No. [13] at 9. Plaintiff contends that this affirmative defense fails because it contains "mere conclusory allegations which are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for the legal defenses asserted." ECF No. [15] at 5-6. Upon review, the Court disagrees.

While the affirmative defense does not detail the reasons for Plaintiff's termination, the defense makes clear Defendant's position that Plaintiff was not terminated due to his alleged race or disability but instead because of "legitimate" "good faith" reasons "unrelated" to the allegations set forth in the Complaint. "The Eleventh Circuit has explained that '[r]equiring a defendant to plead certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court.' . . . The defendant is not required to 'set out in detail the facts' upon which

his affirmative defense is based; rather, he need only set forth a 'short and plain statement' that will give 'fair notice' of the defense and the 'grounds upon which it rests.'" *T.G.*, 2006 WL 8432512, at *2. This affirmative defense accomplishes that objective. *See id.* at *3 (denying motion to strike affirmative defense of good faith and lack of discriminatory intent or motive where defendant argued that its actions "were bona fide and that [it] engaged in any such actions for legitimate, non-discriminatory reasons"). Accordingly, the Motion is denied as to this affirmative defense.

### D. Fifth affirmative defense

Defendant's Fifth Affirmative Defense provides that "Plaintiff is not entitled to recover punitive damages, and any allegations with respect thereto should be stricken, because all actions with respect to Plaintiff were in good faith and Plaintiff cannot establish that HMSHost's conduct was willful or in reckless disregard of any alleged rights of Plaintiff." ECF No. [13] at 9. Plaintiff challenges that the defense is inadequate because it is conclusory and fails to put him on notice of the factual bases for the defense. ECF No. [15] at 5-6. Upon consideration, the Court finds that the defense amounts to a specific denial of Plaintiff's alleged entitlement to punitive damages.

Throughout the Complaint, Plaintiff alleges that Defendant's employment actions were undertaken willfully, such as by failing to take appropriate remedial action relating to the conflict with a colleague, demonstrating discriminatory intent and retaliation against him. Indeed, he alleges that Defendant's actions were "willful, intentional, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff, *see* ECF No. [1-2] at ¶ 31, "Defendant engaged in an ongoing and continuous course of harassment" and permitted Plaintiff to be harassed, *see id.* at ¶ 35, Defendant committed the alleged acts "oppressively and maliciously, with the wrongful intention of injuring Plaintiff from an evil and improper motive amounting to

9

malice, and in conscious disregard of Plaintiff's rights," *see id.* at ¶ 47, and Defendant's acts were "willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights," *see id.* at ¶ 57. Defendant denies these allegations.

"[P]unitive damages are not a separate cause of action but part of a plaintiff's prayer for relief and, as such, cannot separately support affirmative defenses." *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CV-60885, 2015 WL 1566398, at *2 (S.D. Fla. Apr. 8, 2015). Accordingly, to the extent these defenses seek to deny the allegations stated in the Complaint which would substantiate Plaintiff's request for punitive damages, "they will be treated as specific denials rather than stricken." *Id.* (denying motion to strike affirmative defenses challenging plaintiffs' entitlement to punitive damages). Accordingly, like the First Affirmative Defense, this affirmative defense will not be stricken but instead will be treated as a specific denial.

### E. Sixth affirmative defense

Defendant's Sixth Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct, actions, or omissions." ECF No. [13] at 9. Plaintiff asserts that the affirmative defense should be stricken because it contains conclusory allegations and fails to put him on notice of the factual basis for the defense. ECF No. [15] at 6. Upon review, the Court denies the Plaintiff's request. Other courts have denied motions to strike where similarly phrased affirmative defenses were raised. *See, e.g.*, *Paul v. Bradshaw*, No. 12-81381-CIV, 2013 WL 12084299, at *4 (S.D. Fla. Dec. 10, 2013) (denying motion to strike affirmative defense that provided that "any injuries or damages sustained by Plaintiff were caused solely by the Plaintiff's own conduct, and such conduct bars any liability or recovery from these Defendants"); *Kinsman v. Winston*, No. 615CV696ORL22GJK, 2015 WL 12839267, at *8 (M.D. Fla. Sept. 15, 2015) (denying motion to strike affirmative defense that asserted that plaintiff's claims "are barred by

[her] own conduct," and noting that the defense was "not so deficient that [it] warrant[ed] being stricken"); *Darden Restaurants, Inc.*, 2016 WL 9488709, at *4 (denying motion to strike affirmative defense that provided that plaintiff's claims "are barred, in whole or in part, . . . because the [plaintiff] acted inequitably in its dealing with Defendants regarding the claims asserted and prejudiced Defendants in the defense of this matter"). Accordingly, the Motion is denied as to this affirmative defense.

### F. Seventh affirmative defense

Defendant's Seventh Affirmative Defense provides that "Plaintiff cannot establish that the proffered reason for actions taken with regard to his employment were pre-textual in nature." ECF No [13] at 10. Plaintiff contends that this defense should be stricken because it is not an affirmative defense but rather points out a defect or lack of evidence in Plaintiff's case. *See* ECF No. [15] at 6 (citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which simply points out a defect or lack of evidence in Plaintiff's case is not an affirmative defense.")).

Defendant concedes that its Seventh Affirmative Defense is a specific denial rather than an affirmative defense. ECF No. [19] at 10-11. Accordingly, like the First and Fifth Affirmative Defenses, the Court will treat this affirmative defense as a specific denial rather than strike the affirmative defense. *See Tarasewicz*, 2015 WL 11197802, at *1 (S.D. Fla. Apr. 27, 2015); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("'In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial.' When this occurs, the proper remedy is not [to] strike the claim, but rather to treat i[t] as a specific denial.") (internal citation omitted). Accordingly, the Motion is denied on this point.

### G. Eighth affirmative defense

Defendant maintains that its Eighth Affirmative Defense, "similar to its Seventh Defense, should be treated as a specific denial[.]" ECF No. [19] at 11. Accordingly, the Court will treat this affirmative defense as a specific denial rather than strike the claim. The Motion, therefore, is denied as to this defense.

### H. Ninth affirmative defense

Defendant's Ninth Affirmative Defense provides that "[w]ithout admitting that Plaintiff suffered any damages, HMSHost alleges that Plaintiff is barred from recovering any damages that Plaintiff has failed to mitigate, or which Plaintiff caused." ECF No. [13] at 10. Plaintiff argues that this affirmative defense is boilerplate and should be stricken for failing to meet the pleading requirements of *Iqbal* and *Twombly*. ECF No. [15] at 7. Upon review, the Court disagrees.

This Court has routinely concluded, as it does here again, that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *See, e.g.*, *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019); *Sec. & Exch. Comm'n v. 1 Glob. Capital LLC*, 331 F.R.D. 434, 437 (S.D. Fla. 2019); *RooR v. Smoke This Too, LLC*, No. 16-CV-61439, 2017 WL 5714554, at *2 (S.D. Fla. Mar. 10, 2017); *Sream Inc. v. HHM Enter. Partners, Inc.*, No. 16-CV-62641, 2017 WL 6408999, at *2 (S.D. Fla. Mar. 8, 2017); *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3; *Alhassid*, 2015 WL 11216747, at *2. Moreover, this Court has denied motions to strike where similarly phrased affirmative defenses were raised. *See, e.g.*, *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *4 (S.D. Fla. Nov. 7, 2017) (denying motion to strike defense that plaintiffs failed to mitigate their damages because the defense "sufficiently place[s] Plaintiffs

on notice"); *see also Sembler Family P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, No. 808-CV-1212-T-24MAP, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008) (rejecting argument that the affirmative defense asserting "Plaintiff's claim for damages is barred because Plaintiff failed to undertake appropriate steps to mitigate its damages" should be stricken as a "bare bones, conclusory allegation" because "the allegations in this defense are sufficient to put Plaintiff on notice of their mitigation defense"); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012) ("[S]imply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense."). The Motion, accordingly, is denied as to this affirmative defense.

### I.     Tenth affirmative defense

Defendant's Tenth Affirmative Defense states that "Plaintiff's damages, if any, are barred by the doctrine of after acquired evidence, if any such evidence is discovered." ECF No. [13] at 10. Plaintiff argues that the Court should strike this defense because it contains mere conclusory allegations unsupported by facts, and that the defense "appears to suggest a hypothetical with the use of '*if*' any evidence is discovered." ECF No. [15] at 5-6 (emphasis in original). Upon consideration, the Court disagrees.

The doctrine of after-acquired evidence was established in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995), and delineates "[t]he proper boundaries of remedial relief in the general class of cases where, after termination, it is discovered that the employee has engaged in wrongdoing." *Holland v. Gee*, 677 F.3d 1047, 1064 (11th Cir. 2012) (quoting *McKennon*, 513 U.S. at 361). In *McKennon*, after an employee was terminated, the employer discovered that during the employee's tenure, she had removed and copied company records in violation of her job responsibilities. 513 U.S. at 354-55. The Supreme Court held that if an employer establishes "that

the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge," an award of back pay should generally be limited to the period of time "from the date of the unlawful discharge to the date the new information was discovered." *Holland*, 677 F.3d at 1064-65 (quoting *McKennon*, 513 U.S. at 365-63).

Because the employer bears the burden of establishing that the "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone," the after-acquired evidence doctrine "is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Id.* at 1065. *See also Kovelesky v. First Data Corp.*, 534 F. App'x 811, 815 (11th Cir. 2013) (rejecting argument that district court abused its discretion in permitting employer to present evidence to support its after-acquired evidence defense where the affirmative defense stated that "if [the employer] discovered evidence of any wrongdoing by [the employee], it invoked the after-acquired evidence rule to limit her damages"); *Erdogam v. Suntree Country Club, Inc.*, No. 614CV1991ORL41DAB, 2015 WL 12838848, at *2 (M.D. Fla. Feb. 10, 2015) (denying motion to strike affirmative defense that asserted the "after-acquired evidence doctrine as precluding Plaintiff's recovery if such evidence is recovered" because that defense is an "appropriate defense[] asserted by a defendant in an employment discrimination case"); *Moore v. Lender Processing Servs., Inc.*, No. 312CV205J99TJCMCR, 2012 WL 12906615, at *4 (M.D. Fla. Oct. 1, 2012) (refusing to strike affirmative defense of after-acquired evidence doctrine on the basis that it was conclusory, and noting that plaintiff "is certainly able to propound discovery regarding this defense"). Accordingly, the Court finds that the Tenth Affirmative Defense sufficiently puts Plaintiff on notice that Defendant intends to raise an after-acquired evidence defense, and the Motion is therefore denied.

### J. Eleventh affirmative defense

Defendant's Eleventh Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, because HMSHost acted in good faith and had a reasonable belief that it was in compliance with applicable law." ECF No. [13] at 10. Plaintiff argues that this defense should be stricken because it is conclusory. ECF No. [15] at 5-6. Upon consideration, the Court finds that the defense provides Plaintiff with fair notice of Defendant's intent to avoid liability based on its alleged good faith. Other courts have denied motions to strike where similarly phrased good faith affirmative defenses were raised. *See, e.g.*, *T.G.*, 2006 WL 8432512, at *3 (denying motion to strike affirmative defense that stated "[a]ll actions taken with respect to Plaintiff's employment were made in good faith and without any intent or motive to discriminate against Plaintiff on the basis of any actual or perceived disability or handicap," and noting that this defense is "firmly grounded in . . . *McDonnell-Douglas*" and therefore should not be stricken). Accordingly, the Motion is denied as to this affirmative defense.

### K. Twelfth affirmative defense

Defendant's Twelfth Affirmative Defense provides that "Plaintiff's claims may be barred, in whole or in part, because they are beyond the scope of the claims raised in Plaintiff's Charge with the Equal Employment Opportunity Commission/Florida Commission on Human Relations." ECF No. [13] at 10. Plaintiff challenges that this defense should be stricken because it is conclusory. ECF No. [15] at 5-6. In response, Defendant asserts that the defense provides fair notice that it seeks to limit Plaintiff's claims to those raised in his administrative charge. ECF No [19] at 15. Further, it cites to *Hollis v. W. Academy Charter, Inc.*, 782 F. App'x 951 (11th Cir. 2019) for the proposition that a "plaintiff must first exhaust his administrative remedies with the

15

[EEOC] before filing a complaint for discrimination under Title VII. This is a mandatory claims processing rule, not a jurisdictional prerequisite, and a defendant may waive it as a defense if the issue is not timely raised." *Id.* at 954 (internal citation omitted).

Here, however, Defendant does not assert Plaintiff's failure to exhaust administrative remedies as a defense. Rather, Defendant seeks to challenge the scope of discovery and the extent of Plaintiff's claims by way of this defense. In this regard, Defendant provides no authority to support the conclusion that this defense is recognized as an affirmative defense. "An affirmative defense admits the facts of the complaint and asserts additional facts in justification or avoidance of a claim." *Tarasewicz*, 2015 WL 11197802, at *1 (citation omitted). The Court, instead, construes this defense as a specific denial that Plaintiff's claims extend beyond the agency charge. Thus, like the First Affirmative Defense, which asserted that Plaintiff's claims are barred, in whole or in part, for failing to state a claim upon which relief may be granted, this defense will not be stricken but instead will be treated as a specific denial. Accordingly, the Court denies the Motion on this point.

**L.     Reservation of the right to assert additional defenses**

In its Answer and Affirmative Defenses, Defendant stated that it "reserves the right to supplement this Answer and Affirmative Defenses to assert such additional defenses in the event that discovery or other means indicate that additional affirmative defenses would be appropriate." ECF No. [13] at 8. Plaintiff requests that the Court strike this reservation of rights because a party cannot reserve the right to assert other affirmative defenses in the future but instead must amend its pleadings in accordance with Rule 15, Fed. R. Civ. P. *See* ECF No. [15] at 7. Upon consideration, the Court declines Plaintiff's request.

"The decision whether to allow amendment other than as of right rests within the Court's discretion. A 'reservation of rights within an answer is essentially meaningless' and 'does not prejudice [a party] in any way or somehow confer a right to amend . . . without the Court's approval.'" *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3 (internal citations omitted) (denying motion to strike reservation of right to amend or assert additional affirmative defenses). Consistent with *Northrop & Johnson Holding Co., Inc.*, this Court has routinely denied striking defendants' reservation of right to assert additional affirmative defenses. *See, e.g.*, *Jones*, 2015 WL 12781195, at *3 (denying motion to strike reservation of right to assert additional affirmative defenses, but noting that the Court "does not condone the Defendant's attempt to reserve the right to assert additional defenses in the future"); *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *4 (S.D. Fla. May 11, 2016) (same); *United States Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *5 (S.D. Fla. May 17, 2016) (same). Accordingly, the Motion is denied on this basis, and any amendment to the Answer and Affirmative Defenses must comply with Rule 15, Fed. R. Civ. P.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [15]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 0:20-cv-60324-BLOOM/Valle

Copies to:

Counsel of Record