UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-60324-CIV-CANNON/HUNT

GREGORY ABAJIAN,

                Plaintiff,

v.

HMSHOST CORPORATION,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendant HMSHost Corporation's Bill of Costs. ECF No. 159. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. ECF No. 163. Having carefully reviewed the Motion, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends the Motion be GRANTED IN PART for the reasons outlined below.

This case concerned an allegedly unlawful termination, in which Plaintiff, representing himself *pro se*, accused Defendant of violating various Florida employment laws. On July 26, 2021, the Court entered final judgment in favor of Defendant HMSHost Corporation following a jury verdict in Defendant's favor. ECF No. 136. Defendant now seeks cost pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. Local Rule 7.3(c), 28 U.S.C. § 1920, and 28 U.S.C. § 1821.

Fed. R. Civ. P. 54(d) states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be

allowed to the prevailing party." "[The] language [of Fed. R. Civ. P 54(d) creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Plaintiff did not file a response in opposition to Defendant's filings. The undersigned therefore finds that Defendant, as prevailing party, is entitled to an award of costs.

Under 28 U.S.C. § 1920, the Court may tax costs for the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant requests $400 in filing fees, $3,095 for serving summons and subpoenas; $11,763.75 for necessary transcripts; $464.97 in witness fees; and $2,502 for necessary copies.

The $400 in filing fees requested are clearly contemplated under 28 U.S.C. § 1920(1) and should therefore be awarded. As to the service costs, the undersigned notes that the service costs include charges from a private process server. (ECF No. 159-2). Although the costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920, an exception to this is when a Plaintiff uses a private process server. Such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel

costs and any other out-of-pocket expenses." All but two of the twenty service charges claimed are more than that amount. ECF No. 159-2 at 2. As no justification has been provided for the higher rate, only $65 of the higher service fee is recoverable in these instances. Therefore, only $1,270 of the service fees are recoverable.

As for the necessary transcripts, Defendant points out that Plaintiff listed the relevant deponents on his witness list, making the taxation of those costs reasonable. An examination of Plaintiff's Second Amended Proposed Witness List, ECF No. 86, shows that the depositions listed were indeed all of individuals on Plaintiff's witness list. The undersigned finds the fees associated with printed or recorded transcripts of those depositions taxable under 28 U.S.C. U.S.C. § 1920(2), and that Defendant should be awarded the full $11,763.75 requested.

Defendant also seeks witness fees for eight witnesses, noting the trial required these witnesses to stay overnight, incurring subsistence allowances taxable under 28 U.S.C §§ 1920 and 1821. Section 1821 provides in relevant part that

> **(b)** A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> …
>
> **(4)** All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> **(d)(1)** A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> **(2)** A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator

of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

An examination of the extensive records provided by Defendant justifying the witness expenses demonstrates that the amounts claimed fall within the realm of costs taxable under Sections 1920 and 1821. Accordingly, Defendant should be awarded $464.97 in witness fees.

Finally, regarding $2,502 for necessary copies, Defendant claims that these fees are for necessary copies of discovery documents produced by both Plaintiff and Defendant, as well as expenses for copies of documents produced in response to Rule 45 subpoenas. Defendant has adequately documented these costs via billing statements attached as exhibits to the Motion. ECF No. 159-4. Having examined these exhibits, the undersigned is satisfied these costs are compensable under 28 U.S.C. § 1920(4). Accordingly, Defendant should be awarded $2,502 in fees for necessary copies.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Defendant's Bill of Costs, ECF No. 159, be GRANTED IN PART to the extent that Defendant be awarded $400 in filing fees, $1,270 for serving summons and subpoenas; $11,763.75 for necessary transcripts; $464.97 in witness fees; and $2,502 for necessary copies, for a total award of $16,400.72. The Motion should otherwise be DENIED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 2nd day of March 2022.

                                               PATRICK M. HUNT
                                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    The Honorable Aileen M. Cannon
    All Counsel of Record
    Plaintiff, Pro Se